IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERICK WANJIKU,<br><br>Petitioner,<br><br>v.<br><br>GENTER F. DRUMMOND,<br><br>Respondent. | Case No. 25-CV-0161-SEH-JFJ |

## OPINION AND ORDER

Petitioner Erick Wanjiku ("Petitioner"), appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Tulsa County, Case No. CF-2019-4181. [ECF No. 1 at 1].[1] Respondent Genter F. Drummond ("Respondent") moves to dismiss the petition, arguing that this Court lacks jurisdiction to adjudicate the petition because Petitioner was not "in custody" under the challenged judgment when he filed the instant habeas petition. [ECF Nos. 8 and 9]. Petitioner responded in opposition to the motion. [ECF No. 10]. For the following reasons, the Court finds that it lacks jurisdiction to adjudicate the petition and, therefore, grants Respondent's motion and dismisses the petition without prejudice.

---

[1] The Court's citations refer to the CM/ECF header pagination.

## BACKGROUND

Petitioner was convicted by a jury on January 5, 2022, for domestic assault and battery by strangulation, in violation of OKLA. STAT. tit. 21, § 644(J). [ECF No. 9-1]. The state district court sentenced Petitioner to a three-year term of imprisonment. *Id.* Petitioner discharged his sentence on May 8, 2023, and immediately was placed in the custody of the U.S. Department of Homeland Security and transported to an Immigration and Customs Enforcement ("ICE") field office in Oklahoma City. [ECF No. 9-8]; [ECF No. 9-9 at 3, n. 1]; *Wanjiku v. Dep't of Homeland Sec.*, No. CIV-23-464-R, 2023 WL 5340918, at *1 (W.D. Okla. July 24, 2023).

An altercation ensued between Petitioner and two ICE deportation officers on that same date, which resulted in a subsequent conviction on two federal counts of assault on a federal officer. *See* [ECF Nos. 9-9 and 9-10]. Petitioner was convicted by a jury on both counts on August 15, 2023. [ECF No. 9-10]. Petitioner was sentenced on his federal convictions on January 17, 2024, to a three-year term of imprisonment. Judgment, *United States v. Wanjiku*, No. CR-23-227-R (W.D. Okla. Jan. 17, 2024), [ECF No. 97, at 2].

Petitioner has initiated other habeas actions with this court. *See Wanjiku v. Hearrell*, No. 22-CV-368-JFH-CDL (N.D. Okla. Aug. 24, 2022), [ECF No. 1]; *see also Wanjiku v. Drummond*, No. 23-CV-363-SEH-MTS (N.D. Okla. Aug. 23, 2023), [ECF No. 3]. His 2022 action was dismissed as premature and for

failure to exhaust available state remedies. *See Wanjiku v. Hearrell*, No. 22-CV-368-JFH-CDL (N.D. Okla. Sep. 8, 2022), [ECF No. 4]. His 2023 action was dismissed for lack of jurisdiction because Petitioner was not in state custody when he initiated the action. *Wanjiku v. Drummond*, No. 23-CV-363-SEH-MTS (N.D. Okla. Aug. 23, 2023), [ECF No. 15].

## *DISCUSSION*

Section 2254(a) requires a petitioner to be "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "The custody requirement is jurisdictional." *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009). Respondent contends that this Court lacks jurisdiction to adjudicate Petitioner's habeas petition because the state sentence he seeks to challenge fully expired prior to the initiation of this action. [ECF No. 9 at 3-8]; *see also Calhoun v. Att'y Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014) ("A petitioner must satisfy the custody requirement at the time the habeas petition is filed.").

Petitioner responds stating he "concedes that he does not meet the 'in-custody' requirement of 28 U.S.C. § 2254(a)." [ECF No. 10 at 3]. Nevertheless, he argues this Court can grant him relief under the All Writs Act, 28 U.S.C. § 1651(a). *See* [ECF No. 10]. Fatal to Petitioner's position is that "the All Writs Act, provided in 28 U.S.C. § 1651, does not create or

provide independent subject matter jurisdiction for courts where such jurisdiction is lacking, but, instead, provides a means to correct an action within the court's jurisdiction." *United States v. Tinajero-Porras,* 304 F. App'x 754, 756 (10th Cir. 2008) (unpublished)[2] (citing *Com. Sec. Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1355 (10th Cir. 1972)); *see also United States v. Denedo*, 556 U.S. 904, 914 (2009) ("The authority to issue a writ under the All Writs Act is not a font of jurisdiction.").

Therefore, Petitioner's acknowledgement that he does not meet the "in custody" requirement of Section 2254(a) ends the inquiry. Petitioner was not "in custody pursuant to the judgment of a State court" when he filed this habeas action, and this Court lacks jurisdiction to adjudicate the matter. 28 U.S.C. § 2254(a); *Mays*, 580 F.3d at 1139.

## *CONCLUSION*

Based on the foregoing, the Court grants Respondent's motion to dismiss [ECF No. 8] and dismisses the petition, without prejudice, for lack of jurisdiction. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the dismissal of the petition on jurisdictional grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[2] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A)

**IT IS THEREFORE ORDERED** that Respondent's motion to dismiss [ECF No. 8] is **granted**, the petition for writ of habeas corpus [ECF No. 1] is **dismissed without prejudice**, and a certificate of appealability is **denied.**

**IT IS FURTHER ORDERED** that a separate judgment shall be entered in this matter.

**IT IS SO ORDERED** this 15th day of October, 2025.

                                           *Sara Hill*
                                           Sara E. Hill
                                           UNITED STATES DISTRICT JUDGE